[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2009
THOMAS K. KAHN
CLERK

No. 08-11418
Non-Argument Calendar

_____

D. C. Docket No. 07-20771-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAYDEL CASTELLANOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 27, 2009)**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Maydel Castellanos appeals her 37-month sentence, imposed following her

guilty plea for conspiracy and possession with intent to distribute

methylenedioxymethamphetamine ("MDMA"), in violation of 21 U.S.C.

§§ 841(a)(1) and 846.

According to the factual proffer admitted at the change-of-plea hearing,

Castellanos and her boyfriend, Evelio Calzada, met with an undercover agent and

arranged to sell 1,000 MDMA pills to the agent in exchange for $6,500. When

Castellanos and Calzada met the officer to make the exchange, the undercover

agent requested additional pills. Calzada reached under Castellanos's passenger

seat and produced a bag containing an additional 1,000 pills from which he gave

the agent 10 pills. Castellanos cautioned Calzada to close the bag of pills securely

before replacing it under the seat so the pills would not spill out in the car. She

also checked the bag herself to ensure it was completely closed. The undercover

agent later arranged for another purchase, this time for 5,000 pills. Castellanos and

Calzada were arrested at this second exchange following a brief chase.

The probation officer determined Castellanos's guideline range to be 46 to

57 months' imprisonment. The calculations included a reduction for minor role in

the offense. At sentencing, the court applied a safety-valve reduction, which

reduced the guideline range to 37 to 46 months' imprisonment. Castellanos

requested the court impose house arrest due to her minor role in the offense, her

2

lack of criminal history, and her desire to pay off her education loans. After considering the sentencing factors in 18 U.S.C. § 3553(a), the court concluded that Castellanos's serious crime required incarceration. Accordingly, the district court denied Castellanos' request to serve her sentence under house arrest instead of imprisonment and imposed a sentence of 37 months' imprisonment. Castellanos made no objections to the sentence imposed. This appeal followed.

Castellanos argues that the district court should have imposed house arrest instead of imprisonment because she had a minor role in the charged offenses. She further contends, for the first time on appeal, that house arrest was sufficient punishment because: (1) as a recent immigrant from Cuba, she did not realize that most Americans obey the drug laws; (2) imprisonment for drug offenses is discriminatory against women; (3) eight days before she entered her plea, her boyfriend entered a plea and "absolved" her of her "role of 'co-conspirator;'" (4) she complied with her pretrial release conditions; and (5) during sentencing, the government stated that she had a bigger role in the conspiracy than she actually did.

We review a sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 128 S.Ct. 586, 591, 169 L.Ed.2d. 445 (2007). Issues raised for the first time on appeal, however, are subject to plain

error review. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects the defendant's substantial rights. Id. When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

Here, the only issue Castellanos preserved was her claim that her minor role in the offense entitled her to house arrest. Her remaining arguments, raised for the first time on appeal, are reviewed for plain error. Upon review, we conclude these claims have no merit and the district court did not plainly err by rejecting these arguments.

A sentence must be both procedurally and substantively reasonable. United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008). Here, Castellanos does not contend that there was an procedural error in her sentence; rather, she contends her sentence was substantively unreasonable. A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in [18 U.S.C.] § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Castellanos bears the burden of establishing that the sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

4

Section 3553(a) provides that district courts must consider, _inter alia_, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted).

Upon review, we conclude Castellanos's sentence was substantively reasonable. The sentence fell at the low end of the applicable guideline range and the district court considered the § 3553(a) factors, including the seriousness of the offense and the need to punish defendants similarly. Moreover, Castellanos's offense was a Zone D offense and thus the guidelines do not authorize a sentence without a term of imprisonment. See U.S.S.G. § 5C1.1(f); see also Pugh, 515 F.3d at 1200. Castellanos has not shown that her sentence was unreasonable. Accordingly, we affirm.

**AFFIRMED.**